IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NATAYA FREEMAN, : |  |
|     Plaintiff, : |  |
| : |  |
| v. : | CIVL ACTION NO. 20-CV-400 |
| : |  |
| GEORGE MICHAEL GREEN, : |  |
|     Defendant. : |  |

MEMORANDUM

BAYLSON, J.                                                                                      FEBRUARY 10, 2020

Presently before the Court is Nataya Freeman's *pro se* Notice of Removal to Federal Court. (ECF No. 2.) Also pending is Freeman's motion to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, the Court will deny Freeman leave to proceed *in forma pauperis*[1] and remand this case to the Delaware County Court of Common Pleas.

I.     FACTUAL ALLEGATIONS[2]

According to her Notice, Freeman seeks to remove an underlying state court action pursuant to 28 U.S.C. § 1441(b). (ECF No. 2 at 1.)[3] She identifies as the controlling federal question: "What was the nature and cause and legal intent of Officer Carey Williams. Jr.?" (*Id.*) In support of her Notice, she alleges as follows:

---

[1] According to her motion, Freeman has no income, assets or expenses. (*See* ECF No. 1.) It is impossible for the Court to assess Freeman's financial status given the complete absence of credible information in her motion. Her motion, accordingly, must be denied. The Court, however, may proceed to evaluate her claim. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (*en banc*) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of the filing fee; that is, the court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously.")

[2] The facts set forth in this Memorandum are taken from Freeman's Notice of Removal and the attachments thereto.

[3] The Court adopts the pagination assigned by the CM/ECF docketing system.

> 1. On or about 25th day of August, 2018, an action was commenced by Plaintiff in the Court of Common Pleas Judicial District, District Court, County of Delaware, entitled Nataya Freeman, Plaintiff, vs., Defendant(s) Case number CP-23-CR-0004690-2019.
>
> 2. Defendant was served with summons on September 25th, 2019 and received a copy of Plaintiff's complaint on September 25, 2019. Pursuant to 28 U.S.C. § 1446(b), this notice has been timely filed. A copy of the process Service of Process, Complaint and Orders served upon Defendant in the state court action are attached hereto and referred to collectively as "Exhibit B."
>
> 3. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. § 1441(b) in that it arises under a treaty of the United States, commonly referred to as the United Nations Convention on Contracts for International Sale of Goods.
>
> 4. All other Defendant(s) who have been served with summons and petition have joined in this notice of removal, as evidence by the Joinders of Defendant Carey Williams F. Jr. and Morgan El'lan, and Defendant Andrew Goldberg, filed concurrently herewith.

(*Id.* at 2.)

Notwithstanding Freeman's allegations, review of the attachments to the Notice and the publicly available state court docket[4] reveals that the underlying case Freeman seeks to remove is a criminal action against her arising from an August 29, 2018 traffic stop of Freeman by Officer William F. Carey, Jr., who was assisted by Captain El'lan Morgan. *See* August 29, 2018 Affidavit of Probable Cause, attached to Notice as part of Exhibit B. The traffic stop resulted in the filing of criminal charges against Freeman, and, according to available docket entries, trial on

---

[4] Because the criminal docket is a matter of public record, the Court may take judicial notice of the docket sheet in the underlying case. *See, e.g.*, *Kelly v. Business Information Group, Inc.*, 2017 WL 2720173, at *2 (E.D. Pa. June 22, 2017) (citing *In re Congoleum Corp.*, 426 F.3d 675, 679 n.2 (3d Cir. 2005)).

those charges is scheduled to take place before the Honorable George M. Green (the named defendant in this action) on February 10, 2020. *See Commonwealth v. Freeman*, C.P. Del., No. CP-23-CR-4690-2019. Andrew Goldberg is identified on the docket as the Issuing Authority. *Id.*

Other than her incorrect assertion that this Court has original jurisdiction over the state court criminal matter, and that it is, accordingly, removable to this Court, Freeman offers no basis for her request to remove.

## II. DISCUSSION

State court criminal matters are removable to federal court pursuant to 28 U.S.C. § 1443, which provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2) for any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.[5]

*Id.* The procedures governing removal of criminal matters from state court are set forth in 28 U.S.C. § 1455. Section 1455 requires, *inter alia*, that a notice of removal be filed no later than

---

[5] The Supreme Court has directed that "the second subsection of § 1443 confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood v. Peacock*, 384 U.S. 808, 824 (1966). Freeman's allegations do not suggest that she falls into this category, and, therefore, § 1443(2) does not provide a basis for removal of this case.

3

30 days after the arraignment in state court, that the notice of removal contain a short and plain statement of the grounds for removal, and that a copy of all process, pleadings and orders served upon the removing defendant be included with the notice of removal. 28 U.S.C. § 1455(a), (b)(1). Section 1455 further requires that "[t]he United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand." 28 U.S.C. § 1455(b)(4).

Upon review of Freeman's filing, this Court concludes that remand is warranted for several reasons. First, Freeman's request for removal is clearly untimely. A review of the docket in the underlying criminal action reveals that Freeman was arraigned on September 4, 2019. *See Commonwealth v. Freeman*, C.P. Del., No. CP-23-CR-4690-2019. Freeman filed the instant notice on January 23, 2020, more than three months beyond the expiration of the 30-day period following her arraignment. Under these circumstances, and in the absence of any allegation that the requirement should be excused, remand is appropriate.

Next, Freeman has not, as required, included a short plain statement of the grounds for removal, nor has she included copies of all process, pleadings, and orders served upon her.

Finally, even if Freeman had timely filed her notice of removal and satisfied the other technical requirements of § 1455, she has not satisfied either of the statutory requirements for removal set forth in 28 U.S.C. § 1443. In this regard the Court notes again that Freeman's stated position is that the underlying matter is removable as of right; she provides no other basis for removal. The Supreme Court has determined that

> A removal petition under 28 U.S.C. § 1443(1) must satisfy a two-pronged test. First, it must appear that the right allegedly denied the removal petitioner arises under a federal law providing for specific civil rights stated in terms of racial equality. . . . Second, it

> must appear in accordance with the provisions of § 1443(1), that the removal petitioner is denied or cannot enforce the specified federal rights in the courts of [the] State.

*Johnson v. Mississippi*, 421 U.S. 213, 219 (1975) (internal citations and quotation marks omitted).

Under the first prong of the test, "[c]laims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial discrimination will not suffice." *Id.*; *see also Pennsylvania v. Carroll*, 764 F. App'x. 134, 135 (3d Cir. 2019) ("[r]emoval must be based upon a law providing for specific civil rights stated in terms of racial equality, such as the Civil Rights Act of 1964.") Thus, a claim by a removal petitioner that he or she "will be denied due process of law because the criminal law under which he is being prosecuted is allegedly vague or that the prosecution is assertedly a sham, corrupt, or without evidentiary basis does not, standing alone, satisfy the requirements of § 1443(a)." *Id.* The second prong of the test "normally requires that the denial be manifest in a formal expression of state law, such as a state legislative or constitutional provisions, rather than a denial first made manifest at the trial of the case." *Id.* So, "removal is not warranted by an assertion that a denial of rights of equality may take place and go uncorrected at trial." *Georgia v. Rachel*, 384 U.S. 780, 800 (1966). Instead, "[r]emoval is warranted only if it can be predicted by reference to a law of general application that the defendant will be denied or cannot enforce the specified federal rights in state courts. A state statute authorizing the denial affords an ample basis for such a prediction." *Id.* However, generally, it is to be expected that "the protection of federal constitutional or statutory rights [can] be effected in the pending state proceedings." *Johnson*, 421 U.S. at 219-20.

Here, Freeman has not alleged that any right, much less a right "aris[ing] under a federal law providing for specific civil rights stated in terms of racial equality," is being denied her. *Id.* at 219. *See, e.g., Commonwealth v. Tejada*, 2019 WL 2997015, at *2 (W.D. Pa. June 7, 2019) (remanding where alleged denial of Sixth Amendment rights constituted denial of right of general applicability, not a specific protection against racial discrimination); *Commonwealth v. Tindell*, 2009 WL 1856051, at *4 (E.D. Pa. June 26, 2009) (remanding where alleged denial of constitutional rights did not implicate racial inequality). Necessarily, she has also failed to allege that any such unnamed right cannot be enforced in state court. *Johnson*, 421 U.S. at 219-20; *Tindell*, 2009 WL 1856051, at *4.

In short, Freeman has failed to timely demonstrate in the statutorily prescribed manner that she has been denied a specific, race-based federal right that cannot be enforced in the courts of the Commonwealth of Pennsylvania. Accordingly, removal under § 1443(1) is improper and summary remand is required.

### III. CONCLUSION

For the foregoing reasons, Freeman's petition for removal must be denied and this matter must be summarily remanded to the Court of Common Pleas of Delaware County for further proceedings. An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

**s/ Michael M. Baylson**

**MICHAEL M. BAYLSON, J.**